MOTION TO DISMISS
YELVERTON, Judge.
Plaintiff-appellee, Robert Butler, moves this court to dismiss defendant’s appeal as being untimely. Finding the appeal to be untimely, we dismiss appellant’s appeal at his cost.
On January 8, 1991, plaintiff filed suit for divorce and partition of the community property. On September 9, 1991, judgment was rendered in favor of the plaintiff terminating the matrimonial regime and precluding defendant from claiming or receiving permanent spousal support because of her fault contributing to the breakdown of the marriage. On September 13, 1991, defendant filed a motion for a new trial. A hearing was held on October 21, 1991, and the trial court took the matter under advisement. Reasons for judgment denying the motion for new trial were issued on December 3, 1991. Also, on December 3, 1991, the clerk of court’s office sent Notice of Judgment to the attorney for the defendant. The Notice of Judgment was sent to 1805 Jackson Street, Alexandria, Louisiana, the attorney’s current address. The Notice of Judgment was returned to the clerk’s office marked “unclaimed”. On January 9, 1992, the clerk’s office again attempted to send Notice of Judgment this time to 113 Harrison Street, Pineville, Louisiana. This notice was also returned to the clerk’s office with the notation “no such address”. On February 25, 1992, the clerk’s office again sent Notice of Judgment to the attorney’s address at 1805 Jackson Street, Alexandria, Louisiana. This time Notice of Judgment was received on February 26, 1992. On March 2, 1992, defendant filed a motion and order for a devolutive appeal. The appeal was lodged with this court on May 12, 1992. On May 13, 1992, plaintiff-appellee filed a motion to dismiss arguing that since the first Notice of Judgment was sent December 3, that the motion for appeal was filed untimely.
C.C.P. article 1914 states as follows:
Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to thg counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
It is clear under this article that the delay for taking an appeal begins to run *144 when the clerk of court’s office sends Notice of Judgment of the denial of the motion for new trial. The record is clear that the clerk of court’s office sent Notice of Judgment to the correct address for the defendant’s attorney on December 3, 1991, in conformity with C.C.P. art. 1914. Therefore, the delay for taking the instant appeal began to run on December 3, 1991. The motion and order for appeal filed on March 2, 1992 was accordingly untimely. See C.C.P. art. 2087.
For these reasons, appellee’s motion to dismiss is granted, and it is hereby ordered that appellant’s appeal is dismissed at her cost.
APPEAL DISMISSED.